The opinion of the Court was delivered by
Wardlaw, J.
This appeal in effect controverts the view which the Circuit Judge took of the extent of the plaintiff’s claim under the deed from German. That deed professes to convey to the plaintiff, “ all that tract and parcel of land containing five thousand seven hundred and fifty-one acres, more or less ; being part of a tract of eleven thousand seven hundred and thirty acres, granted to William Minor in the year 1793; situate in the District aforesaid on Shaw’s Creek and Edisto River; bounded on the west by part of the said tract, south on land said to be William Minor’s, on the east on vacant land at the time of survey, on the north by land surveyed for James *317 Johnson, and Shaw’s Creek; as will more fully appear by reference to the annexed plat f’ and the plat annexed is a copy of the plat (professedly of part of the Minor tract,) which a short time before had been made by Buckhalter for the plaintiff and Grerman. The Circuit Judge held, that the parcel thus described was the land represented by the plat.
In considering the propriety of the instructions which were given, we must disregard the effect which Buckhalter’s survey, made twenty-four years ago, might now have in determining the true location of the Minor grant, and must take it for granted, as the Circuit Judge did, that the true location of that would not embrace the place where the trespass was committed, and that the actual occupancy of the plaintiff has always been within the undoubted limits of that grant. We must, however, also take for granted that the Buckhalter plat does embrace the place of the trespass, — that there is no extrinsic evidence to oppose the extension of the plaintiff’s claim to the whole parcel which is described by the deed from Grerman, and that the defendant shewed neither title nor possession.
The plaintiff says that the deed from Grerman is color of title in himself — that he has been in possession of part of the land thereby described, with a claim to the whole, — and that the description in the deed, by reference to the plat, embraces all the land represented by the plat, although a part of it may be outside of the Minor grant. The defendant insists that the terms of description confine the parcel described to the limits of the Minor grant, and that therefore the plaintiff has had no color of title to the place of trespass, and so has had no such possession of that place as will maintain this action even against a casual trespasser.
The question is then one merely of construction. In weighing arguments on the two sides, an equilibrium might be turned in favor of the plaintiff by the rule that a deed-poll shall be taken most strongly against him who makes it: but it would be much *318 more satisfactory to find better grounds for a judgment in an exposition of tbe intention which the instrument expresses.
“ That parcel containing,” etc., is the thing to be conveyed, but by this description it cannot be known; “ being part of a tract, etc., granted to William Minor, in 1793,” leaves it still uncertain, for where the line of division shall be, what the part meant is, — northern, eastern, middle, or some other — has not been designated: — “ Situate in, etc., bounded, etc.” give no aid, for thousands of acres might be included in the parcel or excluded from it, and yet all of these terms be in either case satisfied: — “ as will more fully appear by reference to the annexed plat,” gives exact certainty, and moreover seems to express that every previous term of description will be made more plain by the plat referred to.
Whatever may be the true location of the Minor grant, German in effect says by his deed that he conveys a parcel exactly defined, and that that parcel is embraced by the Minor grant. If his warranty had been general, there can scarcely be a doubt that under it he would have been liable, if his grantee by title paramount had been evicted from land which is contained in the plat, but not in the grant.
The defendant does not suggest that the deed is void, for a reference to the plat, and that alone, prevents such a suggestion; but He insists that the description taken altogether, means so much of the paroel ref resented by this flat as is within the Minor grant. Under the rule that the first certainty in a description shall prevail over repugnant demonstration subsequently made, he would cut off from the greater parcel shewn certainly by the plat all that is not embraced by the terms which refer to the grant. Certain lines of the grant having been admitted for argument’s sake, they would, when laid down on the plat, cut off a portion from the certain-parcel which the plat has established: but without reference to the plat there could be no certainty as to any parcel; and a strict *319 application of the rule concerning a first certainty would not serve the defendant. Apart from that, however, it may be well maintained that when different terms of a description are incongruous, the general intention discoverable, rather than any rigid adherence to the order in which the terms happen to be introduced, determines what was meant. A conveyance of the ’particular 'parcel represented by this plat, which N. Bush conveyed to me, would embrace the parcel represented, although N. Bush had conveyed none, or only part of it: for there would be a certainty with a false demonstration. (Shep. Touch. 247.) The same might of course be said if the parcel was described as one represented by this plat, which was granted to W. Minor. And if a description should be that parcel granted to W. Minor which is represented by this plat, although there would be certainty in the first terms of description which refer to the grant, and the subsequent demonstration should be inconsistent therewith, the whole taken together might well be understood to mean that the grantor avers the coincidence of the two circumstances of description, and if they disagree is bound by that which contains the larger quantity. This is more plainly the meaning, where the larger circumstance is, of itself, without reference or inquiry, so much more exact and precise than the other, as a plat is more exaet and precise than any description by metes, bounds, or title deeds can be. But when, as in the case before us, the first circumstance is of itself incapable of being rendered precise, there can be no propriety in allowing it to restrain the absolute certainty which independent of it, is given by the other circumstance of description.
This ease, it will be observed, is not one of general terms restricted by subsequent specification, nor one where inconsistent terms of description designate distinct things when one only is meant; but it is a case where a circumstance of description is first introduced which would confine the parcel within certain limits, but leave it uncertain within those limits, and subsequently another circumstance is introduced which gives *320 definiteness, but extends the parcel beyond the limits of the first circumstance.
The second contains the first and something more. No words are used which can imply that only a part of the thing at last defined is meant. From the whole deed the intention must be collected, and if that intention required a transposition of words, such transposition would be made. A plat is like a picture of the land; and the certainty which it exhibits should be no more unsettled by an erroneous reference to the title, than by mistaken boundaries specified in the deed but corrected in the plat annexed.
Some diversity of opinion in this case has been produced by the case of Gibson ads. Chappell, Harp. 28 ; but to a majority of the Court it appears that that case does not conflict with this decision. That was an action of trespass to try titles. The' plaintiff shewed a grant to himself, embracing the locus in quo. The defendant shewed no other grant which embraced the locus; but relied on a grant of adjoining land to Ackery, a conveyance to himself from one Curry of part of the land granted to Ackery, which was so described as to embrace the locus, and his own possession within the Ackery grant for twenty-five years — whence he endeavored to raise the presumption of a grant for all contained in the Curry deed. It was not a question of construction, for there was no doubt that the Curry deed included the locus ; but it was a question concerning the extent of an implied possession, and that was resolved by the familiar principle that no length of possession outside of a tract will give title against the owner of the tract. The title which had been in the State was vested in the plaintiff, and the title of the State in the locus could not have been affected by the defendant’s lawful occupancy of his own adjoining land. So in the case before us, if the defendant had shewn a title in himself to the land outside of the Minor grant, the possession of the plaintiff within that grant could not have been extended by any color of title to embrace the land of the defendant who *321 could not have complained of that possession. “ But accompanied bj evidence of a claim to a tract, possession outside of tbe tract is sufficient to maintain trespass against any one who has not the right which title gives.” “When possession is claimed to extend to more than is visibly occupied, the difficulty is always to ascertain how far it does extend. Beyond the limits of its extent, there is no possession, constructive or actual; within them, all is actual. The extent depends not merely on the evidence of bounds, under which possession with a claim is held, but upon the character of a conflicting claim, and the possession which attends it; and sometimes it will be considered more or less according to the person with whom the occupant is litigating.” McColman vs. Wilkes, 3 Strob. 474, 477—8.
Against a mere trespasser without title, Gibson’s possession would in the case cited, have been held to be co-extensive with the color of title shewn by the Curry deed; and against the defendant here, who has shewn neither title nor possession, the possession of the plaintiff in the absence of all evidence to contradict the presumption of claim according to his color of title, must be held to extend to all that German appears by a just construction of his déed, to have undertaken to convey to the plaintiff.
The motion is dismissed.
O’Neall, Whither, and Glover, JJ,s concurred.
Motion dismissed.